UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAUREEN E. ECKERT,                    )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )          Case No. 4:08CV01802 ERW
                                      )
LVNV FUNDING LLC,                     )
                                      )
        Defendant.                    )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Claim

for Failure to State a Claim Upon Which Relief Can Be Granted [doc. #5].

## I.    BACKGROUND

In November 2005, Maureen Eckert's ("Plaintiff") credit card statement indicated that a

credit of $1,297.03 had been applied to her Bank of America credit card account, reducing the

balance on the account to $4,584.70.  This debt was then purchased by LVNV Funding LLC

("Defendant")  from Bank of America in December 2005.  Defendant asserts that Plaintiff did not

pay the amount due on this account, and on August 16, 2007, Defendant filed a petition against

Plaintiff in the Circuit Court of St. Louis County, Missouri to recover the unpaid credit card debt.

The petition claimed that the amount due on the credit card account was $5,881.73, with nine

percent interest since November 22, 2005.  Attached to Defendant's Petition was a sworn

affidavit in which one of Defendant's representatives affirmed the amount due.

Plaintiff then brought the pending action against Defendant, asserting that by filing the

petition to collect the full amount of $5,881.73, as well as interest accrued since November 22,

2005, Defendant[1] violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges violations of 15 U.S.C. §1692e for misrepresentations of the amount, the character, and the legal status of the debt, and she also seeks to recover under 15 U.S.C. §1692f based on the use of unfair means in attempting to collect a debt. Defendant asks the Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complain to be true and must construe the pleading in the light most favor to the Plaintiff. *Chambers v. St. Louis County*, 247 F.App'x 846, 848 (8th Cir. 2007) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

While a plaintiff does not have to "'set out *in detail* the facts upon which he bases his claim,' [Fed. R. Civ. P. 8(a)(2)] still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 n.3 (2007) (emphasis original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 557).

The factual allegations contained in the pleadings must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. The plaintiff must demonstrate their entitlement to relief and "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 129 S.Ct. at 1949. Therefore, "the court is free to ignore legal conclusions,

_____

[1] Plaintiff claims that Defendant is a "debt collector" under 15 U.S.C. § 1692a(6).

unsupported conclusions, unwarranted inferences and sweeping legal conclusion cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 686, 870 (8th Cir. 2002).

## III.    DISCUSSION

Defendant argues that Plaintiff's entire cause of action is barred by the common law doctrines of witness immunity and litigation immunity, and Defendant also asserts that each individual count fails to state a claim on which relief may be granted. The Court will first address the application of witness immunity and litigation immunity, and will then consider Defendant's arguments concerning the individual claims.

### A.    *WITNESS IMMUNITY*

Witness immunity is the common law doctrine that protects witnesses from civil liability for the testimony that they give in a judicial proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Witness immunity is a common law doctrine, and it may be abrogated by Congress. *See Smith v. Wade*, 461 U.S. 30, 67 n.6 (1983). Courts assume that members of Congress are "familiar with common-law principles . . . and that they likely intended these common-law principles to obtain, absent specific provisions to the contrary." *Briscoe*, 460 U.S. at 330 (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 258 (1981)).

This doctrine is based on the belief that "public policy . . . requires that the paths which lead to the ascertainment of truth should be left as free and unobstructed as possible." *Briscoe*, 460 U.S. at 333 (quoting *Calkins v. Sumner*, 13 Wis. 193, 197 (1860)). Because a witness may either be reluctant to testify, or may shade or distort the testimony for fear of subsequent liability for statements, the doctrine of witness immunity is meant to protect testimony of witnesses from liability. *Id.* Here, Defendant argues that witness immunity bars claims brought based on the alleged falsity of statements made in Defendant's state court petition and the attached affidavit

because Congress did not intend to abrogate the doctrine of witness immunity when it enacted the FDCPA. Defendant claims that the doctrine of witness immunity bars Plaintiff's claim, even if the facts stated in the affidavit were false.

Courts that have considered this issue are split over whether Congress intended to abrogate witness immunity.[2] *See Todd v. Weltman, Weinbert & Reis, Co., L.P.A.*, 348 F.Supp.2d 903, 914 (S.D. Ohio 2004) (recognizing disagreement). Common law doctrines should be applied "absent specific provisions to the contrary." *Briscoe*, 460 U.S. at 330 (quoting *City of Newport*, 453 U.S. at 258). The courts who have found no abrogation rely on this logic, and note that no provision of the FDCPA expressly abrogated witness immunity under the FDCPA. *Etapa*, 373 F. Supp. 2d at 691; *Beck*, 2000 WL 34490402, at *6. Additionally, courts analyzing the statutory history of the FDCPA have found "nothing in the FDCPA itself or the legislative history of the Act [that] remotely suggests such an abrogation." *Todd*, 434 F.3d at 439.

In contrast, courts who have found a congressional intent to abrogate the doctrine have noted that "Congress has legislated with an expectation that [a common law] principle will apply *except when a statutory purpose to the contrary is evident*." *Blevins,* 395 F. Supp. 2d at 666 (emphasis added) (quoting *Astoria Fed. Savings & Loan Assn. V. Solimino*, 501 U.S. 104, 108 (1991)). The FDCPA was enacted with the statutory purpose of regulating the "process" of debt collection. *Id.* These courts have considered "the broad language of the statute, and the absence

---

[2] *Compare Etapa v. Asset Acceptance Corp.*, 373 F. Supp. 2d 687 (E.D. Ky. 2004); *Beck v. Codilis & Stawiarski, P.A., et. al.*, 2000 WL 34490402 (N.D. Fla. Dec. 27, 2000); *and Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 439 (6th Cir. 2006) (all finding that there was no congressional intent to abrogate witness immunity under the FDCPA) *with Kelly v. Great Seneca Financial Corp.*, 443 F. Supp. 2d 954 (S.D. Ohio 2005); *Delawder v. Platinum Financial Services, Corp.*, 443 F. Supp. 2d 942 (S.D. Ohio 2005); *Hartman v. Asset Acceptance Corp.*, 467 F. Supp. 2d 769 (S.D. Ohio 2004); *and Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 662 (S.D. Ohio 2004) (all finding that the FDCPA does abrogate the doctrine of witness immunity).

of any firmly rooted absolute immunity for a private plaintiff initiating a civil lawsuit with an allegedly false affidavit," and conclude that the application of witness immunity would be adverse to the stated statutory purpose. *Id.* Moreover, "where only a debt collector can be held liable under the FDCPA, and the 'witness' at issue is that debt collector, who can control his or her own liability by not making knowingly false statements in attempting to collect a debt," the doctrine of witness immunity is inconsistent with the purpose of the statute to hold debt collectors liable for conduct related to the process of debt collection. *Delawder*, 443 F. Supp. 2d at 950.

Here, the Court is persuaded that application of witness immunity in the present case would be contrary to the statutory purpose of the FDCPA. If witness immunity could be applied to bar suit against the Defendant under such circumstances, the FDCPA would be completely ineffective in regulating the conduct of debt collectors when the process of debt collection involves the filing of pleadings. *See Delawder*, 443 F. Supp. 2d at 948-50. "[Witness] immunity does not extend to 'complaining witnesses'- those who help instigate the judicial process by swearing to tell the truth." *Gionis v. Javitech, Block, Rathbone, LLP*, 328 F.App'x 24, 27 (6th Cir. 2007).[3] As such, this Court finds that Defendant is not protected from liability in this case by the doctrine of witness immunity, and Defendant's motion to dismiss based on the doctrine of witness immunity will be denied.[4]

_____

[3] The affidavit was signed by Nikki Rambo as an "Authorized Representative" for Defendant. As discussed in this section, Nikki Rambo is not entitled to witness immunity. However, under the terms of the FDCPA she cannot be sued as she is not a "debt collector." *See* 15 U.S. C. § 1692a(6). Defendant attached Nikki Rambo's affidavit to its state court complaint, and "set the wheels of government in motion by instigating a legal action." *Gionis*, 238 F.App'x at 27 (citing *Todd v. Weltman*, 434 F.3d 432, 439 (6th Cir. 2006). As a result, Defendant may be liable for any false statements that were made in this affidavit. *See id.*

[4] Defendant relies upon two recent cases from the Eastern District of Missouri, *Cox v. Great Seneca Financial, Corp.*, 2007 WL 772937 (E.D.Mo. March 9, 2007) and *Reynolds v. Persolve*, L.L.C., 2008 WL 379695 (E.D.Mo Feb. 11, 2008). In both of these cases, the court

**B.    LITIGATION IMMUNITY**

Litigation immunity is the common law doctrine that protects parties, witnesses, lawyers, and judges as participants in the judicial process from liability for acts and conduct related to a proceeding. *Briscoe*, 460 U.S. at 334–35. This broad immunity is meant to ensure that "judges, advocates and witnesses can perform their respective functions without harassment or intimidation." *Id.* at 335 (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978)). Here, Defendant argues that litigation immunity protects it from liability for statements made in the affidavit attached to the state court petition.

Litigation immunity does not protect a defendant from liability under the FDCPA for statements made in connection to a judicial proceeding. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 236 (4th Cir. 2007). The Fourth Circuit stated that "[i]t is clear that Congress meant not to incorporate common law immunities in this area, such as they may be, but to overwrite them, defining the scope of liability and immunity entirely in the statute." *Id.* at 233. Given the "'comprehensive and reticulated' statutory scheme involving clear definitions, precise requirements, and particularized remedies" embodied in the FDCPA, it is clear that Congress clearly expressed an intent to abrogate common law immunities except to the extent allowed within the statute itself. *Id.*; *see also Jenkins v. General Collection Co.*, 538 F. Supp. 2d 1165, 1172 (D.Neb. 2008) (stating that "[i]n enacting the FDCPA, Congress effectively withdrew common-law litigation immunity for debt collectors").[5]

---

found that Congress did not abrogate witness immunity in enacting the FDCPA. However, for the foregoing reasons, the Court is not persuaded here to do the same.

[5] Additionally, the Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291 (1995), held that a lawyer's "litigation activities" are subject to liability under the FDCPA. The Court agrees with the reasoning other courts have followed, that "if an attorney can be liable for 'litigation activities' which include filing an affidavit, then certainly [the debt collector] is subject to the same liability."

However, Defendant argues that litigation immunity should protect it from these claims because the FDCPA does not apply to pleadings. This argument fails because the language of the FDCPA indicates that Congress intended for the FDCPA to apply to pleadings. *Sayyed*, 485 F.3d at 231. Specifically, the statute requires debt collectors to disclose they are a debt collector in any communications with a consumer, however, this requirement does "not apply to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11). This specific exception to the disclosure requirements of the FDCPA would become superfluous if formal pleadings were entirely exempt for the FDCPA. *See Sayyed*, 485 F.3d at 231. Therefore, the language of the FDCPA "provides clear evidence that litigation activity [including the filing of a pleading or affidavit] is subject to the FDCPA, except to the limited extent that Congress exempted formal pleading from the requirements of that particular subsection [§ 1692e(11)]." *Id.*

Here, Plaintiff's claims all arise out of statements made in the state court petition and attached affidavit. Because the FDCPA applies to litigation activities, which include the filing of pleadings and affidavits, the Court finds that the FDCPA applies to the Defendant's actions. Under the FDCPA, litigation immunity does not protect the litigation activities of debt collectors such as the Defendant. Therefore, the Court finds that the Defendant is not protected from liability under the FDCPA by the doctrine of litigation immunity, and Defendant's motion to dismiss based on the doctrine of litigation immunity will be denied.

## C.     FAILURE TO STATE A CLAIM FOR VIOLATIONS OF THE FDCPA

Defendant moves to dismiss Plaintiff's claims for violations of 15 U.S.C. §§ 1692f(1), 1692e(2), and 1692e(10). Defendant further argues that Plaintiff's claim under 15 U.S.C. §

---

*Blevins*, 395 F. Supp. 2d. at 667.

1692e(10) was brought in bad faith and Defendant should therefore be awarded attorney's fees. Each of these arguments will be addressed, respectively.

### 1.    Failure to State a Claim for Violation of 15 U.S.C. § 1692f(1)

Plaintiff claims that Defendant violated 15 U.S.C. § 1692f by attempting to collect interest accrued on the credit card account since November 22, 2005. This provision of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, it is a violation of the provision to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Defendant asserts that the interest sought is permitted under Missouri law, which allows creditors to collect prejudgment "interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." Mo. Rev. Stat. § 408.020. Missouri law requires demand be made before the prejudgment interest may begin to accrue. Missouri courts have found that "[a]lthough the demand need be in no certain form, it must be definite as to amount and time." *Nusbaum v. City of Kansas City*, 100 S.W.3d 101, 109 (Mo. banc. 2003). There must be "no doubt as to when and how much payment is due." *Children Intern. v. Ammon Painting Co.*, 215 S.W.3d 194, 204 (Mo. Ct. App. 2006). "Generally, prejudgment interest is not warranted when the debtor is unaware of the amount owed." *Monsanto Co. v. Gould Electronics, Inc.*, 965 S.W.2d 314, 318 (Mo. Ct. App. 1998).

Here, Plaintiff argues that Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the statutory prejudgment accrued interest on the full amount of $5,881.73 accruing since November 22, 2005. However, Plaintiff presents no facts in the Complaint to establish a claim for

the violation of 15 U.S.C. § 1692f(1).  The Complaint contains no assertions as to when Plaintiff received demand for payment and fails to assert that Defendant even sought prejudgment interest on the credit card account in the state court action.  The face of the complaint fails to allege facts sufficient to state a claim for violation of 15 U.S.C. § 1692f(1).  Therefore, the Court will dismiss Plaintiff's claim that Defendant violated the FDCPA by seeking to collect interest accrued on the credit card account since November 22, 2005.[6]

## 2.        Failure to State a Claim for Violation of 15 U.S.C. § 1692e(2)

Plaintiff claims that Defendant violated 15 U.S.C. § 1692e by filing the state court petition and attached affidavit, which asserted that the true amount owed was the full amount of $5,881.73, notwithstanding the credit that Plaintiff argues should have been applied.  The FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Violations of this provision of the FDCPA include using "false representation or deceptive means to collect or attempt to collect any debt."  15 U.S.C. § 1692e(2).

In her complaint, Plaintiff asserts that Defendant failed to apply the credit of $1,297.03 to the account, and therefore made a false representation as to the amount due on the credit card account in violation of the FDCPA.  Taking the facts alleged in the complaint as true, Plaintiff has

_____

[6] Attached to Plaintiff's Complaint as Exhibit 1 is Defendant's state court petition, which seeks to collect the statutory nine percent prejudgment interest beginning in November 2005 on the amount of $5,881.73.  It is unclear whether Plaintiff is attempting to claim that the state court petition to collect the debt was the first time that demand was made by Defendant.  The Court cannot look to facts outside of the pleadings to determine whether Plaintiff has stated a claim upon which relief may be granted, however, it appears that Plaintiff may be able to state a claim for relief under this statute.  As a result, the Court grants the Plaintiff leave to amend the Complaint as to the claim brought for violation of 15 U.S.C. § 1692f(1).

pled facts showing an entitlement of relief under the FDCPA. Accordingly, Defendant's motion to dismiss Plaintiff's claim based on 15 U.S.C. § 1692e(2) is denied.

### 3. Failure to State a Claim for Violation of 15 U.S.C. § 1692e(10)

Lastly, Plaintiff claims that Defendant filed the state court petition outside of the statute of limitations period, in violation of the FDCPA. Under Missouri law, the appropriate statute of limitations period is five years on "all actions upon contracts, obligations, or liabilities." Mo. Rev. Stat. § 516.120. The statute of limitations period begins to run on the date of the last payment on the account. *McEntee v. Halloran*, 391 S.W.2d 266, 268 (Mo. 1965); *see also Chadwick v. Chadwick*, 22 S.W. 479, 480 (Mo. 1893).

Here, Defendant filed the state court petition on August 16, 2007. Plaintiff's Exhibit 2 attached to the Complaint states that the credit card account was opened on August 14, 2004 and the last payment was made on April 11, 2005, however, Plaintiff's Complaint itself contains no allegations related to the final payment. Plaintiff has presented insufficient facts to support this claim, and the Court will dismiss Plaintiff's claim that Defendant violated § 1692e(10) of the FDCPA by filing the state court petition outside of the statute of limitations period.

### 4. Attorney's Fees Under 15 U.S.C. § 1692k(a)(3)

Defendant argues that Plaintiff's claim under 15 U.S.C. § 1692e(10) "was brought in bad faith and for the purpose of harassment," and Defendant asks to be awarded reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). The FDCPA authorizes attorney's fees where an "action" is brought in bad faith. Courts have interpreted this language to mean that the entire lawsuit, and not merely one claim, must have been brought in bad faith and to harass the Defendant. *Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769, 775 (7th Cir. 2003).

Here, Defendant argues only that Plaintiff's claim under 15 U.S.C. § 1692e(10) was brought in bad faith and does not argue that Plaintiff's entire lawsuit was brought in bad faith. Additionally, as the Court discussed above, Plaintiff's claims under 15 U.S.C. § 1692e do not appear to have been brought in bad faith or for the purpose of harassment as they are sufficiently supported by facts in the Complaint. As a result, this Court finds that Defendant is not entitled to attorney's fees under the FDCPA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant LVNV Funding, LLC's Motion to Dismiss [doc. #5] is **DENIED** in part and **GRANTED** in part. Plaintiff's claims under 15 U.S.C. §§ 1692e(10), 1692f(1) are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint, adding factual allegations and amending her claim under 15 U.S.C. § 1692f(1). Any amended complaint must be filed by **August 14, 2009.**

Dated this 28th day of July, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE