# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | | |
|---|---|---|
| Maureen E. Eckert, f/k/a Maureen Tyler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:08CV01802 ERW |
| v. | ) | |
| | ) | ***JURY TRIAL DEMANDED*** |
| LVNV Funding, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

The First Amended Complaint of Plaintiff, by her attorneys, Consumer Law Advocates and Mitchell B. Stoddard, is as follows:

## INTRODUCTION

1.     This is an action for actual damages, statutory damages, court costs and attorney's fees brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over the Defendant LVNV Funding, LLC pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     This Court has venue pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in St. Louis City, Missouri and one or more debt communications were made with Plaintiff at her residence.

## PARTIES

4.     Plaintiff is a natural person currently residing in St. Louis City, Missouri.

Plaintiff is a "consumer" within the meaning of the FDCPA.

5.     Defendant, LVNV Funding, LLC (hereinafter "LVNV") is a Delaware

corporation in good standing that regularly attempts to collect consumer debts asserted to

be due another.

## STATEMENT OF FACTS

6.     On or about November 21, 2008, Plaintiff was served with a Summons and

Petition in the case of LVNV Funding, LLC v. Maureen E. Tyler, Cause No. 2107AC-

26316, in the Circuit Court of St. Louis County, Missouri, Associate Judge Division

(hereinafter "the State Court action").  A copy of the Summons, Petition and all

attachments thereto are attached hereto and incorporated by reference as if fully set forth

herein as Plaintiff's Exhibit 1.

7.     Pursuant to the terms of the Petition, Defendant sued Plaintiff for $5,881.73.

8.     Pursuant to the terms of the Affidavit attached to the Petition, Defendant alleged

that it applied "all just and lawful offsets, payments and credits."

9.     According to documents produced by Defendant in the State Court Action,

Plaintiff was entitled to a credit in the amount of $1,297.03.  A copy of the Sale and

Assignment agreement is attached hereto and incorporated by reference as if fully set forth

herein as Plaintiff's Exhibit 2.

10.    Defendant never applied this credit to Plaintiff's account prior to filing the State

Court Action.

11.     Per the terms of the Petition, Defendant is attempting to collect prejudgment interest from Plaintiff in the amount of 9% per annum as of November 22, 2005 on the full balance of $5,881.73.

12.     Defendant never sent a demand for payment to Plaintiff prior to filing the State Court Action.

## LEGAL ALLEGATIONS

13.     In its attempt to collect an alleged debt from Plaintiff, LVNV has committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, including, but not limited to, the following:

a)  By attempting to collect interest on the entire $5,881.73 balance on the account, when the collection of said interest is not expressly authorized by any agreement creating the alleged debt or permitted by other existing law, in violation of 15 U.S.C. § 1692f(1);

b)  By making a false, deceptive and/or misleading representation of the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), by filing a petition alleging that $5,881.73 plus interest of 9% per annum on that entire amount from November 22, 2005 was legally collectible on the account when it was not;

c)  By using a false representation or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10), by filing an Affidavit containing false or deceptive statements pertaining to the nature and amount of the debt; and

d)  By using a false representation or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10), by filing an Affidavit testifying as to the truth and accuracy of the alleged debt, even though Defendant had no personal knowledge of the accuracy or validity of the debt.

14.     As a direct and proximate result of LVNV's violation of the FDCPA, Plaintiff has suffered emotional distress, inconvenience, embarrassment, humiliation and abuse.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

LVNV for:

1.  Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

2.  Actual damages in the amount of $10,000.00; and

3.  Such further equitable relief as the Court deems just and proper.

/s/ Mitchell B. Stoddard
Mitchell B. Stoddard, #4472
Consumer Law Advocates
11330 Olive Boulevard, Suite 222
St. Louis, Missouri 63141
(314) 692-2001 *tel*
(314) 692-2002 *fax*
E-Mail: mbs@clalaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 12th day of August 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Michael J. Payne, Attorney for Defendant, 231 South Bemiston Ave., Ste. 1111, St. Louis, Missouri 63105.

/s/ Mitchell B. Stoddard