IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAUREEN E. ECKERT,<br>f/k/a Maureen Tyler<br><br>             Plaintiff,<br>vs.<br><br>LVNV FUNDING, LLC,<br><br>             Defendant. | )<br>)<br>)   Case No. 4:08-cv-01802-JCH<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LVNV FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant, LVNV Funding, LLC, by and through its undersigned attorneys, Frankel, Rubin, Bond, Dubin, Siegel & Klein, P.C., and Mayer S. Klein, and for its Answer to Plaintiff's First Amended Complaint, states as follows:

1. The allegations contained with Paragraph 1 of Plaintiff's First Amended Complaint state legal conclusions which do not require an affirmative response. However, if said statement is construed as making a statement against LVNV Funding, LVNV Funding is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 1 of the First Amended Complaint and therefore denies the same.

2. The allegations contained with Paragraph 2 of Plaintiff's First Amended Complaint state legal conclusions which do not require an affirmative response. However, if said statement is construed as making a statement against LVNV Funding, LVNV Funding is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 2 of the First Amended Complaint and therefore denies the same.

3. The allegations contained with Paragraph 3 of Plaintiff's First Amended Complaint state a legal conclusion which does not require an affirmative response. However, if said statement is construed as making a statement against LVNV Funding, LVNV Funding is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 3 of the First Amended Complaint and therefore denies the same.

4. LVNV Funding is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 4 of the First Amended Complaint and therefore denies the same.

5. LVNV Funding admits the allegations contained within Paragraph 5 of Plaintiff's First Amended Complaint.

6. LVNV Funding admits the allegations contained within Paragraph 6 of Plaintiff's First Amended Complaint.

7. LVNV Funding admits the allegations contained within Paragraph 7 of Plaintiff's First Amended Complaint.

8. LVNV Funding admits the allegations contained within Paragraph 8 of Plaintiff's First Amended Complaint.

9. LVNV Funding is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 9 of the First Amended Complaint and therefore denies the same.

10. LVNV Funding is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 10 of the First Amended Complaint and therefore denies the same.

11. LVNV Funding denies the allegations contained within Paragraph 11 of Plaintiff's First Amended Complaint.

12. LVNV Funding denies the allegations contained within Paragraph 11 of Plaintiff's First Amended Complaint.

13. LVNV Funding denies each and every allegation, including all subparts, contained within Paragraph 13 of Plaintiff's First Amended Complaint.

14. LVNV Funding denies the allegations contained within Paragraph 14 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

1. By way of further answer and as an affirmative defense, LVNV Funding states that the First Amended Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against LVNV Funding and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from LVNV Funding.

2. By way of further answer and as an affirmative defense, LVNV Funding states that any violation of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), which is specifically denied herein, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. By way of further answer and as an affirmative defense, LVNV Funding states Plaintiff's claims are barred by the doctrines of litigation and witness immunity.

4. By way of further answer and as an affirmative defense, LVNV Funding states that it did not make any false or misleading representations to Plaintiff or any person acting on behalf of Plaintiff in attempting to collect Plaintiff's debt.

1317-089/30861

3

5. By way of further answer and as an affirmative defense, LVNV Funding states that it at all times followed reasonable procedures to assure the maximum possible accuracy of the credit information pertaining to Plaintiff.

6. By way of further answer and as an affirmative defense, LVNV Funding states Plaintiff did not justifiably rely upon any alleged false or misleading representations.

7. By way of further answer and as an affirmative defense, LVNV Funding states that at all pertinent times herein, Defendant acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

8. By way of further answer and as an affirmative defense, LVNV Funding states that any and all amounts attempted to be collected from Plaintiff are reasonable and lawful pursuant to the FDCPA and the common and/or statutory law of the State of Missouri.

9. By way of further answer and as an affirmative defense, LVNV Funding states that Plaintiff's claims are subject to recoupment and/or set-offs as Plaintiff owes LVNV Funding on the underlying account.

10. By way of further answer and as an affirmative defense, LVNV Funding states Plaintiff has failed to take reasonable actions to mitigate any damages which Plaintiff may have suffered.

11. By way of further answer and as an affirmative defense, LVNV Funding states that at all pertinent times herein, Defendant acted in good faith reliance on the information provided by the prior creditor/holder of the subject account.

12. By way of further answer and as an affirmative defense, LVNV Funding states that all amounts attempted to be collected were authorized pursuant to the FDCPA.

13. By way of further answer and as an affirmative defense, LVNV Funding states that Plaintiff's First Amended Complaint, to the extent that it seeks exemplary or punitive damages, violates the rights of LVNV Funding under the due process and excessive fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and any analogous provisions of the Constitution of the State of Missouri.

14. By way of further answer and as an affirmative defense, LVNV Funding states that Plaintiff is not entitled to recover actual, punitive or exemplary damages under the FDCPA because LVNV Funding has not negligently or willfully failed to comply with the FDCPA.

15. By way of further answer and as an affirmative defense, LVNV Funding asserts the affirmative defense of truth.

16. By way of further answer and as an affirmative defense, LVNV Funding asserts that Plaintiff's claims are barred, in whole or in part by the applicable statutes of limitations.

17. By way of further answer and as an affirmative defense, LVNV Funding states that Plaintiff's First Amended Complaint is barred by the doctrines of estoppel and laches.

18. By way of further answer and as an affirmative defense, LVNV Funding asserts that Plaintiff's claims are barred, in whole or in part, by the 1st Amendment and 10th Amendment right to petition.

19. LVNV Funding reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual and legal developments in this case.

WHEREFORE Defendant, LVNV Funding, LLC, respectfully prays this Honorable Court dismiss this action with prejudice, that LVNV Funding be awarded its attorney's fees and

costs herein incurred, and for such further orders as this Court may deem just and proper in the premises.

Respectfully submitted,

FRANKEL, RUBIN, BOND, DUBIN, SIEGEL & KLEIN, P.C.

By: /s/ Michael J. Payne
MAYER S. KLEIN, #3572
mklein@frankelrubin.com
MICHAEL J. PAYNE, #498816
mpayne@frankelrubin.com
Counsel for Defendant
231 South Bemiston Avenue, Suite 1111
Clayton, Missouri 63105
Telephone: (314) 725-8000
Facsimile: (314) 726-5837

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of August, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Mitchell Stoddard, Consumer Law Advocates, 11330 Olive Blvd., Ste. 222, St. Louis, Missouri 63141, Electronic Mail: mbs@clalaw.com.

/s/ Michel J. Payne
MICHAEL J. PAYNE